■ In the Matter of the Estate of EDNA M. NICHOL, Deceased. PETER FOSDICK, Appellant; CARYL F. HAMMERICH, Cross Appellant; ADA GANNON, as Executrix of EDNA M. NICHOL, Deceased, Respondent.— In a proceeding pursuant to SCPA 1420 for the construction of article "Fifth" of the testatrix' will, the petitioner, who is the adopted son of the testatrix' predeceased sister, appeals, as limited by his brief, from the portion of the decree of the Surrogate's Court, Kings County, dated August 6, 1968, which excluded him from succeeding to part of the one-fourth share of the residuary estate which would have passed to the predeceased sister. The latter's daughter cross-appeals from the portion of the decree which adjudged that out of said one-fourth share of the residuary estate the executrix shall pay counsel fees and disbursements in stated amounts to appellant's and cross appellant's respective attorneys. Decree modified, on the law, by striking out the first decretal paragraph thereof, which construed the "Fifth" article of the will, and by remitting the proceeding to the court below for the purpose of holding a hearing to enable the cross appel-

lant to adduce extrinsic evidence, if available, of the testatrix' intention to exclude appellant from sharing in the subject portion of the residuary estate. As so modified, decree affirmed insofar as appealed from, without costs. The findings of fact below have not been affirmed. The learned Surrogate did not hold a hearing on the petition or entertain oral argument, the determination being rendered on the pleadings and memoranda of law submitted by the respective attorneys. In our opinion, the presumption to include appellant as an adopted child (*Matter of Park*, 15 N Y 2d 413, 417) was not rebutted by "an explicit purpose stated in the will" (cf. *Matter of Silberman*, 23 N Y 2d 98). The determination of the Surrogate required a finding of intention from incongruous designations of legatees *in vacuo* and had no factual basis to overcome the *Park* presumption which would include appellant as one entitled to share in the bequest of the subject one-fourth portion of the residuary estate. (Cf. *Matter of Ricks*, 18 N Y 2d 640.) Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.